1  ROBERT R. POWELL, SBN 159747
   **POWELL & ASSOCIATES**
2  925 W. Hedding Street
3  San Jose, CA 95126
   T: (408) 553-0201 F: (408) 553-0203
4  E: admin@rrpassociates.com

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9
                 NORTHERN DISTRICT OF CALIFORNIA
10                      (San Jose Division)

11

12  GABRIEL GONZALES,                        Case No.

13                        Plaintiffs,
                                             COMPLAINT FOR VIOLATION
14          v.                               OF CIVIL RIGHTS AND DAMAGES

15  CITY OF SAN JOSE; DAVID LEZAMA           JURY TRIAL DEMANDED
    and DOES 1-10, inclusive,
16
17                        Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                          1
Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

**NATURE OF THE ACTION**

1.    Officer David Lezama of the San Jose Police Department used excessive force on Plaintiff Gabriel Gonzales, when on December 9th, 2019, after attempting a stop – for reasons unknown - on Plaintiff riding his bicycle down the bike lane on Curtner Ave. in San Jose, and Plaintiff failing to pull over in response to Lezama's screams, Lezama ran his patrol vehicle up onto a city sidewalk and struck Plaintiff on his bicycle.  Lezama's vehicle pinned Gabriel against a fence, after which Lezama handcuffed Plaintiff, then threw him to the ground in the presence of not less than two witnesses. The events caused Gabriel serious bodily injury.

2.    The City of San Jose and San Jose Police Department ("SJPD") have constitutionally deficient policies, practices, and/or customs which sanction and/or ratify without remediation, the use of patrol vehicles to strike pedestrians and bicyclists, a policy, practice, or custom that is exacted in circumstances where the use of such potentially deadly force is far in excess of any reasonable needs for such force, or as in the case of Plaintiff described herein, devoid of any needs for such force.

3.    The City/SJPD polic[ies], practice[s], or custom[s], are the moving force behind the unconstitutional use of excessive force such as in this case, and result in unnecessary injuries to individuals of the nature suffered by Plaintiff herein, in order to effectuate unlawful arrests and searches; the force used being frequently far in excess of that which is reasonable based on the circumstances.

4.    SJPD and Police Chief Eddie Garcia were on notice that the policy, practice, or custom was constitutionally deficient due to prior complaints by other residents of the City of San Jose, including but not limited to Mr. Dameon Wright, who similarly was struck twice by SJPD officer's vehicles nearly ten years apart in an effort to stop Mr. Wright.

2

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

5.  The City has failed to properly train, supervise and discipline officers for such conduct, and as a result there is a culture within the police department of excessive use of force of the nature utilized to stop Plaintiff as described herein.

6.  Plaintiff Gabriel Gonzales was a victim of these polic[ies], practice][s], or custom[s] when Mr. Lezama, in compliance with same, did exercise the use of excessive force of striking Gabriel with a patrol vehicle to effectuate an arrest and/or seizure of Plaintiff Gabriel Gonzales on December 9th, 2019.

## JURISDICTION

7.  The claims alleged herein arise pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution.

8.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343.

## VENUE

9.  Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the unlawful acts complained of herein, as well as the policies, practices and customs complained of and giving rise to Plaintiff's claims exist and/or occurred in the City of San Jose, which is within this judicial district.

## PARTIES

10.  Plaintiff GABRIEL GONZALES ("Gabriel") was at all times complained of herein a resident of San Jose, California.

11.  Defendant CITY OF SAN JOSE (hereinafter referred to as "CITY") is and at all times mentioned herein was a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, and as a subdivision/department thereof, the CITY operates the San Jose Police Department ("SJPD").

3

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12.   At all times mentioned herein, Defendant DAVID LEZAMA (hereinafter "LEZAMA") was employed as a police officer for defendant CITY.  Defendant LEZAMA is sued individually and as a police officer for the CITY.  By engaging in the conduct described above and below, Defendant LEZAMA acted under the color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described here, Defendant LEZAMA exceeded the authority vested in him as a police officer under the United States Constitution and as an employee of the CITY.

13.   Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages set forth herein.  At all times mentioned herein, Defendants DOES 1-10 were employed by defendant CITY.  Defendants DOES 1-10 are sued individually and as employees for the CITY.  By engaging in the conduct described below, Defendants DOES 1-10 acted under the color of law and in the course and scope of their employment for Defendant CITY.

14.   Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or excessive use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

4

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FACTUAL ALLEGATIONS

**Gabriel Takes A Bike Ride To Pick Up Some Gatorade**

15.    On December 9th, 2019, at approximately 10:15 p.m., Gabriel hopped on his bicycle to ride down to a gas station near the home of his girlfriend, with whom he was spending the evening, to pick up a couple of bottles of Gatorade.

16.    He turned onto Curtner Ave. in San Jose, headed for the gas station at the corner of Monterey Rd. and Curtner Ave.

17.    Gabriel was riding in the designated "bike lane" on the road; the temperature at the time was in the low 50's Fahrenheit.

18.    Gabriel was wearing blue jeans, with a wind breaker jacket, and a Nike Snood (which is a face shield for biking) with a large Nike "swoosh" symbol on the left cheek in white, on the otherwise black apparel.

19.    Gabriel had a single ear bud in his left ear, listening to music, but was not using the ear bud for the right ear so as to be able to not have his ability to hear surrounding noises completely blocked.

20.    The ear buds were not visible as both were under and within the Nike Snood.

21.    Gabriel estimates he was riding at a rate of 10 to 12 mph at the time of the incident to be described.

22.    Gabriel was traveling on Curtner Avenue in a north-easterly direction, towards the Shell gas station on the corner of Monterey Rd. and Curtner Ave., but he would never make it there.

**Lezama Attempts To Contact Or Stop Gabriel**

23.    As Gabriel was riding he came to notice a SJPD patrol vehicle ahead of him, that was noticeably not going the speed limit, but was moving and appeared to be slowing.

5

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

24.     Upon initial sighting of the vehicle Gabriel gave it no thought at all other than noticing the vehicle was there and seemed to be slowing.

25.     As he came up on the vehicle he passed it, but shortly thereafter the vehicle took pace at the side of Gabriel and the officer started to yell something to Gabriel.

26.     Gabriel does not know how long exactly, but at least several seconds elapsed between Gabriel realizing he was hearing something and then realizing it was LEZAMA yelling at him through an open front passenger door window to his left.

27.     Upon realizing there was someone shouting from the vehicle, Gabriel first turned his head and took a quick glance towards LEZAMA.

28.     Because Gabriel had no earbud in his right ear, though his right ear – like his left – was covered by the Nike Snood, though he could not make it out at first what LEZAMA was yelling, it was immediately apparent that he was definitely yelling at Gabriel.

29.     Thus, even before understanding anything LEZAMA said, Gabriel was alarmed because LEZAMA's facial expression and body language was conveying some significant level of anger and hostility.

30.     LEZAMA's facial expression, body language, and obvious anger picked up even on just the glance, and now made more clear when Gabriel could hear what LEZAMA was saying – and how loud he was saying it - made the encounter with LEZAMA frightening from the outset.

31.     When Gabriel understood LEZAMA was yelling at him he stopped pedaling but was coasting, and turned his head towards LEZAMA, which allowed him to hear LEZAMA more clearly.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

32.    At that point, Gabriel could hear LEZAMA was yelling, "Pull over," "pull over," and was gesticulating with his right hand in a motion indicating Gabriel was to pull right.

33.    Gabriel was now very clear on the level of anger that was flowing out of LEZAMA, and he became very concerned for his safety, but with a concomitant perception of befuddlement as to why he was being asked to pull over at all by this angry police officer, as he knew he was committing no crime.

34.    Gabriel responded to the LEZAMA's screams of "pull over," saying, "Why, I'm not doing anything?"

35.    LEZAMA became even more agitated, and now screamed at the top of his lungs at Gabriel, "Because I told you to!"

36.    Gabriel's first thought was along the lines of, "Dear God this guy's crazy!"

37.    This increased hostility by LEZAMA only heightened Gabriel's fear that he was about to possibly be the victim of one of the police brutality events in the United States so commonly revealed in the national, regional, and local, print and visual media.

38.    Gabriel is a Hispanic American, keenly aware and certainly of the belief that his skin color made him more vulnerable to the use of excessive force by law enforcement, and this concern was greatly heightened by the fact that if he stopped for this police officer, it was going to be him all alone with this screaming, erratic officer on the side of the road next to a cemetery at that time of night.

39.    Gabriel decided the manner in which LEZAMA was acting, seemingly frothing over Gabrial for no idea what reason, dictated he would be physically harmed if he were to stop and interact with the officer.  Thus he responded to LEZAMA's scream of "Because I told you to," by responding, "no."

7

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

40.    Next Gabriel stopped, got off of his bike and lifted it over the curb and onto the sidewalk next to the road, and pointed it in the opposite direction (south-westerly), mounted it, and pedaled off in the direction from which he came.

41.    LEZAMA was now beyond furious.

42.    LEZAMA punched the patrol vehicle accelerator and went up to the next light and quickly took a u-turn.

43.    As LEZAMA came flying down the south-westerly bound lanes of traffic, he was shouting through the patrol car speaker words to the effect of "pull over you son of a bitch," or, "I'm going to get you, you son of a bitch," or some combination of both.

44.    LEZAMA then flipped another u-turn and was coming at Gabriel from ahead of Gabriel but on the street.

45.    Witnesses reported when LEZAMA flipped the u-turn, his wheels were spinning and screeching and he pitched-out the rear end of the patrol car, causing it to fishtail.

46.    LEZAMA then sped up coming out of the u-turn and accelerated towards the oncoming Gabriel, who was still on the sidewalk on his bicycle.

47.    As LEZAMA approached, he suddenly yanked the patrol vehicle steering wheel to the right, taking the patrol vehicle up on to the sidewalk and striking Gabriel with such force as to cause the injuries noted below.

48.    When LEZAMA's vehicle came to a stop, Gabriel was pinned in a still upright position against the metal fence of the Oak Hill Memorial Cemetery.

49.    LEZAMA lept from the patrol vehicle and ran to the front of the vehicle.

8

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

50.   When LEZAMA got to Gabriel he grabbed him and threw him up against the hood of the patrol vehicle facing the vehicle and placed him in handcuffs, which held Gabriel's arms and hands behind his back.

51.   Inexplicably, mere moments later, LEZAMA grabbed Gabriel with two hands in the lapel area of his jacket and threw him down on the ground.

52.   By that time, a witness who had followed the vehicle was out of his car and approaching Gabriel and LEZMA; the witness was contemplating whether he might have to physically intercede to protect Gabriel, so extreme and uncalled for was the violent act of throwing Gabriel to the ground that he witnessed.

53.   After LEZAMA threw Gabriel to the ground he began yelling at him, again on the topic of Gabriel failing to stop when LEZAMA told him to.

54.   Gabriel was arrested, however, his injuries required that rather than being taken straight to the Santa Clara County Main Jail, he be transported from the scene by ambulance to Valley Medical Center; he was transported in a full neck brace.

55.   While in the ambulance, the paramedics noticed Gabriel's heartrate was excessively high and asked him if he had any knowledge of why that would be.

56.   Gabriel responded that he suffered from tachycardia, for which he was prescribed Ativan.

57.   Upon learning that information, the paramedics informed Gabriel that they would then upgrade their urgency in getting to a medical facility to "rushed" or "rapid" or some other term connoting a need to move quickly to a facility with full emergency medical care.

    //

9

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

**The Unconstitutional Policies, Training and Supervision of the City of San Jose**

58.     At all times relevant to this action, Defendant LEZAMA's actions were negligent, reckless, wanton, willful, knowing, intentional, unreasonable, extreme, outrageous, and deliberately indifferent to the constitutional rights of Plaintiff Gabriel Gonzales.

59.     Defendant LEZAMA's unconstitutional actions violated clearly established law prohibiting the use of other than objectively reasonable force under all the circumstances.

60.     At the time LEZAMA's violated Gabriel's constitutional rights, CITY failed to adequately supervise and train Defendants to refrain from striking a fleeing suspect which had committed no criminal act, with a police patrol vehicle.

61.     CITY has had prior incidents of the use of a patrol vehicle to ram or strike a fleeing suspect, even in cases where the suspect is not alleged by anyone to have committed a criminal offense, nor suspected of committing a violent criminal offense, much less whereas in this instance that Gabriel was not committing a criminal act at all.

62.     In those prior incidents, no officer involved was formally disciplined or made to suffer any significant punishment or discipline, thus allowing such conduct to continue as an unwritten custom and/or practice.

63.     The CITY's unconstitutional policies, customs, and practices, and/or inadequate training and supervision of LEZAMA, all reflecting CITY's deliberate indifference to the constitutional rights of Gabriel and others in the City's jurisdiction to be free from the use of excessive force, were the moving force behind LEZAMA's violation of Gabriel's constitutional rights.

64.     CITY is a defendant to Plaintiff's Claim for Relief pursuant to the legal principles of Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

**DAMAGES**

65.    Gabriel is an active bicyclist, who on the evening of this incident was in fact riding a

bicycle he personally built, on a unique foreign made bicycle frame over 40 years old which

he had to go to Texas to purchase from a buyer years prior to this incident.  As a proximate

result of LEZAMA's actions on December 9th, 2019, Gabriel suffered severe pain and

suffering, significant emotional and mental distress, fear, terror, and anxiety.  He was

diagnosed after the incident with whiplash, a concussion, and is being evaluated for a torn

anterior cruciate ligament.  He was prescribed crutches and a muscle relaxant narcotic.

66.    The injury to Gabriel's knee, whether determined to involve a tear of his anterior

cruciate ligament or not, can be anticipated to interfere with his deep enjoyment of bicycling,

which he uses as a meditative amelioration of his tachycardia symptoms.  As a result of the

injuries caused to Gabriel by LEZAMA, Gabriel has past medical expenses, and will have

future medical expenses to be determined according to proof at trial.

67.    The conduct of the LEZAMA was malicious, sadistic, wanton, and oppressive, entitling

Gabriel to an award of punitive damages against LEZAMA.

**CLAIMS FOR RELIEF**

**First Cause of Action**
**(Fourth Amendment – Excessive Use of Force, 42 U.S.C § 1983)**
**(Gabriel v. LEZAMA)**

68.    Plaintiff incorporates by reference each and every allegation contained in the preceding

paragraphs as if set forth fully herein.

69.    In doing the acts complained of herein, LEZAMA acted under the color of the law to

violate Plaintiff's basic human dignity and his right to be free from excessive use of force

under the Fourth Amendment to the United States Constitution.

11

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.

70.    As a proximate result of defendants' malicious and sadistic conduct, Jesse Bosworth

suffered injuries and damages as set forth in paragraph 65 and 66. The punitive damage

allegations of paragraph 67 apply in this Claim for Relief to LEZAMA and are requested, but

cannot be assessed by law against CITY.

## PRAYER FOR RELIEF,

WHEREFORE, Plaintiff respectfully requests that this Court:

1.)    Award Plaintiff general, special and compensatory damages in an amount to be proven

at trial.

2.)    Award Plaintiffs punitive damages against LEZAMA for his extreme and outrageous

conduct in complete disregard for the rights of the Plaintiff;

3.) Award Plaintiff statutory damages, attorney's fees and costs against all Defendants as

allowed by 42 U.S.C. §1988.

4.) Grant Plaintiff such other and further relief as the Court deems just and proper.


Dated: December 15, 2019                               _/S/ Robert R. Powell_
                                                       ROBERT R. POWELL
                                                       Attorney for Plaintiff


JURY DEMAND:  Plaintiff demand a trial by jury in this matter, pursuant to FRCP 38(a).


Dated: December 15, 2019                               _/S/ Robert R. Powell_
                                                       ROBERT R. POWELL
                                                       Attorney for Plaintiff

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gonzales v. City of San Jose, et al.